# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRIMED, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARTHREX, INC., )<br>)<br>Defendant. ) | C.A. No. 18-666-MN<br><br>**JURY TRIAL DEMAND** |

## DEFENDANT'S JANUARY 21, 2020 REPLY LETTER
## TO THE HONORABLE MARYELLEN NOREIKA

OF COUNSEL :

Megan S. Woodworth
Venable LLP
575 7th Street, NW
Washington, DC 20004
(202) 344-4000

Robert E. Bugg
Venable LLP
1270 Avenue of the Americas
New York, NY 10020
(212) 370-6241


Dated: January 21, 2020

Kelly E. Farnan (#4395)
Renée M. Mosley (#6442)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
mosley@rlf.com

*Attorneys for Defendant Arthrex, Inc.*

Dear Judge Noreika:

Feigning surprise that Arthrex does not monitor when its Volar Hook Plate is presented during surgery, TriMed has shifted—and now expanded—the information that it seeks. The exemplary spreadsheet that TriMed wants Arthrex to update includes products well beyond the Wrist Plating System, including those for the hand, ankle and feet, that have no relevance whatsoever.[1] There is simply no legal authority justifying TriMed's original, let alone expanded, request.

Arthrex's January 6th letter set forth black letter law that non-accused products cannot be part of a damage claim unless a plaintiff meets the specific standard for convoyed goods, which TriMed has not attempted to do.[2] Many courts, including this one, have denied motions to compel financial information in similar situations where non-accused products are sold, or offered for sale, with the accused products merely for convenience. TriMed's updated request only magnifies these issues by expanding to products even further afield from the accused products. Moreover, the Declaration of Ronald Choinski provides additional reasons that TriMed's request is unjustified. First, to the extent that providing products in the operating room constitutes an offer for sale, this activity is performed by third-party distributors, not Arthrex employees. (Decl. at ¶ 3). Second, the entire accused system (the Volar Hook Plate plus drill guide) is not offered for sale because the drill guide is owned either by the distributor or the medical institution and thus is not being offered for sale during surgery. (Decl. at ¶ 13). *See e.g., Rotec Indus. v. Mitsubishi Corp.*, 215 F.3d 1246, 1252, 1257 (Fed. Cir. 2000). These reasons, coupled with the explanation in Arthrex's January 6th letter, confirm that current damage law does not support TriMed's over-reaching requests.

None of this should come as a surprise to TriMed. TriMed has known Arthrex's position on this law and that it would not voluntarily produce non-accused product financial information since November 2018—fifteen months ago. Ex. 1. TriMed chose not to raise the issue with the Court until the close of fact discovery, after it had the opportunity to depose several Arthrex witnesses, including Ronald Choinski. Arthrex did not prohibit any line of questioning on this, or other, topics based on relevance.[3] Thus, any surprise is due to TriMed's litigation strategy, not Arthrex's.

The requested information is not relevant and it is simply too late for additional fact discovery requests. Arthrex respectfully asks that TriMed's requests be denied.

---

[1] This spreadsheet was attached to an email that was collected via the parties' agreement on search terms and custodians for email production. Arthrex was in no way suggesting by its production that the information provided was relevant to the case.

[2] Additional authority is present in recent Federal Circuit case law holding that "acts that do not constitute patent infringement cannot provide a proper basis for recovery of damages under section 284." *Enplas Display Device v. Seoul Semiconductor*, 909 F.3d 398 (Fed. Cir. 2018).

[3] TriMed also asks for information on the number of systems (Wrist Plating and Fragment Specific) that have been introduced into the field, purportedly to serve as a proxy for the number of times that the Fragment Specific System is present in the operating room. But the number of systems in the field does not indicate how often they are used, and thus, this is a less accurate proxy than the estimation that Ronald Choinski already provided for how often doctors use a plate from the Fragment Specific System versus the Wrist Plating System. (Decl. at ¶ 10).

The Honorable Maryellen Noreika
Page 2
January 21, 2020

                                            Respectfully,

                                            */s/ Kelly E. Farnan*

                                            Kelly E. Farnan (#4395)