# EXHIBIT 1

# Bugg, Robert E.

| | |
|---|---|
| **From:** | Bugg, Robert E. |
| **Sent:** | Monday, November 19, 2018 9:56 AM |
| **To:** | Lee Grossman |
| **Cc:** | Woodworth, Megan S.; Farnan, Kelly E. |
| **Subject:** | TriMed v. Arthrex: Damages |

Lee,

We have looked into the assumptions made regarding sales of the accused product and the *Stryker* case you cited. In short, we believe that the proposed damages model you suggest is unsupported for a number of reasons.

1. Alleged damages based on "offers to sell" the accused product:
    a. The Volar Hook Plate is a device in which the surgeon knows prior to the surgery that the hook plate will be used. If a Volar Hook Plate is needed, it is typically specially ordered prior to the surgery and is not "offered" or made available as one of several options in a kit at the time of surgery.
    b. The asserted claims require a hook plate in combination with a drill guide. Any liability for an "offer to sell" must include an offer to sell both of these devices. *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1310-11 (Fed. Cir. 2010); *Westerngeco L.L.C. v. ION Geophysical Corp.*, 876 F. Supp. 2d 857, 910-11 (S.D. Tex. 2012). Since the drill guides are reusable and are provided in the operating room by the hospital or surgeon as part of the surgical instrument kit, the guide would not be "offered for sale" by Arthrex at the time of surgery, even if a Volar Hook Plate was made available.

2. Alleged damages for sales of non-accused plates:
    a. Damages based on collateral or convoyed sales of a non-infringing item are only permissible when the non-infringing item is sold along with, or functions together with, the infringing device. *See Am. Seating Co. v. USSC Grp., Inc.*, 514 F.3d 1262, 1268 (Fed. Cir. 2008); *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1579 (Fed. Cir. 1995); *Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc*., 567 F.3d 1314 (Fed. Cir. 2009). The non-accused bone plates do not meet this test because they are not considered part of the same functional unit and they have a use entirely independent of the Volar Hook Plate.
    b. The Entire Market Value Rule also prohibits damages for sales of non-accused plates because the accused Volar Hook Plate is a separate device, is sold separately from the other bone plates, and does not drive demand for the non-accused bone plates. *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1549-50 (Fed. Cir. 1995); *King Instruments Corp. v. Perego*, 65 F. 3d 941, 956 (Fed. Cir. 1995).

3. *Stryker* Case:
    a. The *Stryker* case is largely irrelevant since the accused product is not offered to surgeons in the proposed manner.
    b. The *Stryker* case does not support a theory premised on an "offer to sell" when an unrelated product is ultimately sold to the customer. Instead, it deals only with damages awarded when there was an actual sale of the accused device. There is no mention or analysis regarding alleged "offers to sell" infringing devices.
    c. In *Stryker*, damages were awarded when the entire infringing system was provided by the manufacturer to a customer even if only a portion of the infringing device was purchased and used. The value of the patented invention included having the entire system available in each surgery. That is distinctly different from awarding damages when a completely unrelated non-infringing bone plate is purchased and used ***instead of*** the accused device.

    d. The *Stryker* court justified its damages award based on the fact that the Defendant always manufactured, marketed and attempted to sell the entire infringing system as a whole and the sleeve was the "key functional feature" of the device. In contrast, Arthrex does not manufacture, market or attempt to sell a "kit" of bone plates that includes a Volar Hook Plate. In fact, Arthrex does not even sell such a kit, as each plate is sold individually.

Any attempt to include non-infringing bone plates within the damages base is without merit. Please let me know if you have some time to discuss this week.

Best regards,
Rob

**Robert E. Bugg, Esq.** | **Venable LLP**
**t** 212.370.6241 | **f** 212.307.5598 | **m** 908.403.8319
Rockefeller Center, 1270 Avenue of the Americas, The Twenty-Fourth Floor, New York, NY 10020

REBugg@Venable.com | www.Venable.com